NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10275 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:21-cr-00088-JAM-1 |
| LAWRENCE GUERAIN FLEMING, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 14, 2023
San Jose, California

Before: GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

Lawrence Fleming pled guilty to two counts of being a felon in possession

of ammunition, in violation of 18 U.S.C. § 922(g)(1). Fleming appeals the district

court's two-level sentence enhancement for obstruction of justice pursuant to

United States Sentencing Guidelines Manual (U.S.S.G.) § 3C1.1 based on

Fleming's conduct at the scene of his motorcycle accident. The district court

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

determined that Fleming obstructed justice when he asked a bystander to hide his loaded firearm for him before the police arrived at the scene. When the police arrived, the bystander alerted them to the firearm, which the bystander had placed along the guardrail. Fleming argues that the district court erred in applying the two-level enhancement because his conduct did not constitute obstruction of justice under Guideline § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"A defendant's base offense level may be increased by two-levels if the defendant 'willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice . . . .'" *United States v. Herrera-Rivera*, 832 F.3d 1166, 1174 (9th Cir. 2016) (quoting U.S.S.G. § 3C1.1). Application Note 1 to Guideline § 3C1.1 provides that "[o]bstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." U.S.S.G. § 3C1.1 cmt. n.1.

Fleming argues that his statement to the bystander cannot constitute obstruction of justice because Guideline § 3C1.1 requires that an investigation be pending, and there was no ongoing investigation when he made the statement. In Fleming's view, to obstruct justice within the meaning of the guideline, "there must have been some pending proceeding or process that could have been

2

obstructed."  Fleming further argues that Application Note 1's commentary

regarding pre-investigation conduct is inconsistent with Guideline § 3C1.1, and

thus the guideline must control.

Contrary to Fleming's arguments, Guideline § 3C1.1 covers pre-

investigation conduct and is consistent with Application Note 1.  The guideline's

amendment history is instructive.  In 2006, the Sentencing Commission added

Application Note 1 and simultaneously removed Guideline § 3C1.1's temporal

dimension, replacing "during the course of the investigation" with "with respect

to" the investigation.  U.S.S.G. supp. to app. C, amend. 693 (2006).  This

amendment explicitly broadened the text of the guideline to cover pre-investigation

conduct.  *See United States v. Rising Sun*, 522 F.3d 989, 996–97 (9th Cir. 2008).

The Commission explained that the amendment "permits application of the

guideline to obstructive conduct that occurs prior to the start of the investigation of

the instant offense of conviction by allowing the court to consider such conduct if

it was purposefully calculated, and likely, to thwart the investigation or prosecution

of the offense of conviction."  U.S.S.G. supp. to app. C, amend. 693 (2006).

Because Application Note 1 is consistent with the guideline, it is

authoritative.  "[C]ommentary . . . is authoritative unless it . . . is inconsistent with,

or a plainly erroneous reading of, that guideline."  *Stinson v. United States*, 508

U.S. 36, 38 (1993).  "Therefore, under *Stinson*, commentary 'must be given

controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *United States v. Castillo*, 69 F.4th 648, 655 (9th Cir. 2023) (quoting *Stinson*, 508 U.S. at 45).

Fleming's requesting the bystander to hide his firearm constitutes obstruction under Application Note 1 because it was "purposefully calculated" and likely to "thwart the investigation" into his possession of a firearm loaded with ammunition. U.S.S.G. § 3C1.1 cmt. n.1. Fleming concedes that he "asked the witness to hide the firearm somewhere along the guardrail, since the police were on their way." Fleming's affirmative steps to prevent the police from discovering the firearm demonstrate that he acted with the purpose of obstructing justice. Fleming's conduct was also likely to thwart the police's investigation into his possession of a firearm loaded with ammunition. Had the bystander not relayed Fleming's statement and directed the police to the gun, the police would have had no reason to search along the guardrail for a firearm let alone connect any such firearm to Fleming. On this record, the district court did not err in applying the obstruction of justice enhancement under Guideline § 3C1.1.

**AFFIRMED.**